**FILED**
**February 14, 2024**
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: _____DT_____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | Case No: EP:24-CR-00311-FM |
| Plaintiff, | § § § | **S E A L E D**<br>**I N D I C T M E N T** |
| | § § | **CT 1:** 18 U.S.C. § 933(a)(1), 933(a)(3) – Trafficking in Firearms |
| v. | § § § | |
| | § § | **CT 2:** 18 U.S.C. 922(a)(1)(A) - Dealing Firearms Without a License; |
| **JESSE GARAY,** | § § § | |
| | § § | **CTS 3 – 4:** 18 U.S.C. §§ 922(a)(6), 924(a)(2) – False Statement During a Firearm Acquisition |
| Defendant. | § § § § | |
| | § § | *Notice of Government's Demand for Forfeiture* |

**INTRODUCTION**

At all relevant times during this Indictment:

The Federal Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) is an agency of the United States government tasked with the responsibility of supervising, controlling, and licensing the sale of firearms.

A federally licensed firearms dealer is an individual or entity, who after submitting an application and undergoing an investigation by ATF, is then granted a license to sell certain firearms, and other controlled items. This federal firearms license is referred to as an FFL. Federal firearms laws require anyone who is a dealer to obtain a federal firearms license (FFL). Private persons can sell firearms without a license, provided they are not engaged in the business of selling firearms, such as the occasional sale, exchanges or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of a his/her personal collection of firearms collection.

A person is engaged in the business of dealing in firearms if he/she devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms. Title 18 United States Code, Section 923(g)(1)(A) required all Federal Firearms Licensees to keep accurate records of importations production, shipment, receipt, sale or other disposition of firearms at their place of business. One of the records Federal Firearms Licensees (FFLs) are required to keep is the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Firearm Transaction Record (Form 4473).

Title 18, United States Code, Section 923(g)(1)(A) required all Federal Firearms Licensees to keep accurate records of importation, production, shipment, receipt sale or other disposition of firearms at the place of business.  One of the records Federal Firearms Licensees (FFLs) are required to keep is the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Firearm Transaction Record (Form 4473).  The ATF Form 4473 requires the Buyer of the firearm to fill out Section B, which requires the Buyer's full name, address, date of birth, and other identifying information. Additionally, Question 21a on the Form 4473 asks whether the person completing the form is the "actual transferee/buyer of the firearm(s) listed on the form." The question also includes a warning that if "[y]ou are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you."

Additionally, the purchaser's certification, documented with a signature in block "22." of the Form 4473, explicitly states that making any false oral or written statement, or exhibiting any false or misrepresented identification with respect to this transaction is a crime punishable as a felony under Federal Law.

THE GRAND JURY CHARGES:

## COUNT ONE
## (18 U.S.C. § 933(a)(1) and 933(a)(3))

The Grand Jury re-alleges and incorporates by reference the allegations of the Introduction as if fully set out herein.

Beginning on or about April 15, 2023, and continuing until on or about May 17, 2023, in the Western District of Texas, Defendant,

**JESSE GARAY,**

did knowingly and willfully combine, conspire, confederate, and agree to commit offenses against the United States, namely: to willfully and knowingly ship, transport, cause to be transported, or otherwise dispose of firearms to another person, or receive firearms, to wit: (1) a ATI, Model Omni Hybrid, 5.56x45mm pistol and (2) a Century Arms, Model Micro Draco, 7.62x39mm pistol, in or otherwise affecting interstate or foreign commerce, knowing or having reasonable cause to believe that the use, carrying, possession, or receipt of the firearm by the recipient would constitute a felony, all in violation of Title 18, United States Code, Sections 933(a)(1) and 933(a)(3).

## COUNT TWO
## (18 U.S.C. 922(a)(1)(A))

The Grand Jury re-alleges and incorporates by reference the allegations of the Introduction as if fully set out herein.

Beginning on or about September 7, 2022, and continuing until on or about May 17, 2023, in the Western District of Texas, Defendant,

**JESSE GARAY,**

not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms, in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

**COUNT THREE**
**(18 U.S.C. §§ 922(a)(6), & 924(a)(2))**

The Grand Jury re-alleges and incorporates by reference the allegations of the Introduction as if fully set out herein.

That on or about April 15, 2023, in the Western District of Texas, the Defendant,

**JESSE GARAY,**

in connection with acquisition of a firearm, to wit: a ATI, Model Omni Hybrid, 5.56x45mm pistol, from FFL #1, a licensed firearms dealer within the meaning of Chapter 44, Title 18, United States Code, Defendant, **JESSE GARAY**, knowingly made a false and fictitious written statement intended and likely to deceive said dealer as to a fact material to the lawfulness of the acquisition and sale of said firearm to Defendant, **JESSE GARAY**, under Chapter 44 of Title 18, in that Defendant, **JESSE GARAY,** stated and represented on a Bureau of Alcohol, Tobacco and Firearms Form 4473 the answer "yes" in response to the question, "Are you the actual transferee/buyer of the firearm(s) listed on this form?" when in fact Defendant, **JESSE GARAY** knew he was in fact not the actual buyer of the firearm listed on the form, as he was purchasing the firearm for another person, and not for himself, in violation of Title 18, United States Code, Sections 922(a)(6) & 924(a)(2).

**COUNT FOUR**
**(18 U.S.C. §§ 922(a)(6), & 924(a)(2))**

The Grand Jury re-alleges and incorporates by reference the allegations of the Introduction as if fully set out herein.

That on or about May 17, 2023, in the Western District of Texas, the Defendant,

**JESSE GARAY,**

in connection with acquisition of a firearm, to wit: a Century Arms, Model Micro Draco, 7.62x39mm pistol, from FFL #2, a licensed firearms dealer within the meaning of Chapter 44, Title 18, United States Code, Defendant, **JESSE GARAY**, knowingly made a false and fictitious written statement intended and likely to deceive said dealer as to a fact material to the lawfulness of the acquisition and sale of said firearm to Defendant, **JESSE GARAY**, under Chapter 44 of Title 18, in that Defendant, **JESSE GARAY,** stated and represented on a Bureau of Alcohol, Tobacco and Firearms Form 4473 the answer "yes" in response to the question, "Are you the actual transferee/buyer of the firearm(s) listed on this form?" when in fact Defendant, **JESSE GARAY** knew he was in fact not the actual buyer of the firearm listed on the form, as he was purchasing the firearm for another person, and not for himself, in violation of Title 18, United States Code, Sections 922(a)(6) & 924(a)(2).

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Firearms Violation and Forfeiture Statutes
[Title 18 U.S.C. § 933(a)(3), subject to
forfeiture pursuant to Title 18 U.S.C §§ 934(a)(1)(A) and (B)]

As a result of the criminal violation set forth in Count One, the United States of America gives notice to Defendant **JESSE GARAY** of its intent to seek the forfeiture of certain property upon conviction and pursuant to Fed. R. Crim. P. 32.2, Title 18 U.S.C. §§ 934(a)(1)(A) and (B), which state:

> **Title 18 U.S.C. § 934. - Forfeiture and Fines**
> **(a) Forfeiture.**
>   **(1) In General.**— Any person convicted of a violation of section 932 or 933 shall forfeit to the United States, irrespective of any provision of State law—
>     **(A)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and
>     **(B)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, except that for any

forfeiture of any firearm or ammunition pursuant to this section, section 924(d) shall apply.

## II.
## Firearm Violations and Forfeiture Statutes
**[Title 18 U.S.C. §§ 922(a)(1)(A), 922(a)(6), 924(a)(1)(D) and 924(a)(2), subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]**

As a result of the foregoing criminal violations set forth in Counts Two through Fifteen, the United States of America gives notice to Defendant **JESSE GARAY** of its intent to seek the forfeiture of the certain property upon conviction pursuant to FED. R. CRIM. P. 32.2 and Title 18 U.S.C. § 924(d)(1), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c). Section 924 states, in pertinent part, the following:

> **Title 18 U.S.C. § 924.**
> * * *
> **(d)(1)** Any firearm or ammunition involved in or used in any knowing violation of subsection (a)(4), (a)(6), (f), (g), (h), (i), (j), or (k) of section 922, or knowing importation or bringing into the United States or any possession thereof any firearm or ammunition in violation of section 922(*l*), or knowing violation of section 924, shall be subject to seizure and forfeiture under the provisions of this chapter. . .

The Notice of Demand of Forfeiture includes but is not limited to the property described below in Paragraph III.

## III.
## Money Judgment

A sum of money that represents the amount of proceeds obtained, directly or indirectly, property involved in such offense, or traceable to such property as a result of the violation set forth in Count One for which Defendant **JESSE GARAY** is soley liable.

### Substitute Assets

If any of the forfeitable property, as a result of any act or omission of the Defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property owned by the Defendants, up to the value of said money judgment, as substitute assets pursuant to Title 21 U.S.C. 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL.

███████████████████████

FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
UNITED STATES ATTORNEY

BY: _____*José Luis Gonzál*_____
    Assistant United States Attorney